UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA**
        Plaintiff

v.    **Docket No.** 1:15-CR-10256-ADB

**CHRISTIAN GONZALEZ**
        Defendant

# PETITION FOR WRIT OF *HABEAS CORPUS* PURSUANT TO 28 U.S.C. § 2255, MEMORANDUM OF LAW, AND SWORN DECLARATION IN SUPPORT OF PETITION

**COMES NOW** the Petitioner, Christian Gonzalez, who herewith files his Sworn Declaration, Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 and Memorandum of Law. In support, Mr. Gonzalez states as follows:

## JURISDICTION:

28 U.S.C. § 2241 (c) (3) provides that

> (c) The writ of habeas corpus shall not extend to a prisoner unless …
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

## STATEMENT OF THE CASE

1

This is a petition for a writ of Habeas Corpus pursuant to 28 U.S.C. 2255 in relation to a criminal conviction returned in the United States District Court for the District of Massachusetts (Hon. Richard G. Stearns).

**CHRISTIAN GONZALEZ**

Petitioner, Christian Gonzalez, was arrested on April 9th, 2016 along with 66 other individuals in a massive drug sweep targeting the "East Side Money Gang" with some of these individuals being charged by the Commonwealth of Massachusetts. Relevant to this matter, Angel Prats Diaz, was one of these 66 persons. On June 8, 2016 a grand jury returned a multiple-count superseding indictment charging 13 of the 66 individuals with a variety of criminal offenses. In Count Two of a superseding indictment, Christian Gonzalez was charged with conspiring to distribute and conspiring to possess with intent to distribute cocaine and 280 grams of a mixture containing a detectable amount of cocaine base in violation of 21 U.S.C. § 846; 21 U.S.C. § 841(a)(1); and 21 U.S.C. § 841(b)(1)(A)(iii). A drug forfeiture allegation pursuant to 21 U.S.C § 853 was also contained within the superseding indictment. Gonzalez was arraigned and entered a plea of not guilty on June 27, 2016 with the counsel of Attorney Paul Anthony, who would remain Gonzalez's counsel throughout the duration of the case and ultimately the change of plea and sentencing. The change of plea hearing was conducted on October 12, 2017 before the Hon. Richard G. Stearns at which time Gonzalez pled guilty to Count Two of the

superseding indictment. There was no plea agreement. On April 26th, 2018, Gonzalez was sentenced to 120-months incarceration pursuant to a mandatory minimum.

**ANGEL PRATS DIAZ**

Mr. Prats was arraigned in Chelsea District Court on June 9th, 2016 by the Commonwealth of Massachusetts. Attorney Paul Anthony entered his appearance on this same day and counseled Mr. Prats at this arraignment (See Exhibit 1). On October 25th, 2016, Mr. Prats was arraigned before the Suffolk Superior Court for the Commonwealth of Massachusetts with Attorney Paul Anthony present (See Exhibit 2). On September 27th, 2017, Mr. Prats received a more than favorable disposition of a nolle prosequi.

**ARGUMENT**:

28 U.S.C. § 2255 provides a federal prisoner with a means to collaterally attack her sentence. As the First Circuit has explained:

28 U.S.C. § 2255 sets forth four grounds upon which a federal prisoner may base a claim for relief: (1) " that the sentence was imposed in violation of the Constitution or laws of the United States; " (2) " that the court was without jurisdiction to impose

such sentence; " (3) " that the sentence was in excess of the maximum authorized by law; " and (4) that the sentence " is otherwise subject to collateral attack."

*Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994) (quoting *Hill v. United States,* 368 U.S. 424, 426-27, 82 S.Ct. 468, 7 L.Ed.2d 417 (1st Cir. 1994)).

The Rules Governing Section 2255 Proceedings require a motion to " (1) specify all the grounds for relief available to the moving party; [and] (2) state the facts supporting each ground . . . See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2(b). The court may either summarily dismiss a prisoner's §2255 claim or grant an evidentiary hearing to determine if it is meritorious. 28 U.S.C. § 2255(b) provides:

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

The First Circuit elaborated the test for granting an evidentiary hearing in a § 2255 proceeding in United States v. McGill, 11 F.3d 223 (1st Cir. 1993). As the First Circuit wrote:

When a petition is brought under section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. See Mack v. United States, 635 F.2d 20, 26-27 (1st Cir. 1980); United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir.

[1978]), cert. denied, 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 129 (1978). In determining whether the petitioner has carried the devoir of persuasion in this respect, the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets.

We have distilled these principles into a rule that holds a hearing to be unnecessary "when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974). In other words, a " § 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984) (citations omitted). Id. at 225-26 (some citations omitted); see also United States v. Panitz, 907 F.2d 1267 (1st Cir. 1990); David v. United States, 134 F.3d 470, 478 (1st Cir. 1998) ("To progress to an evidentiary hearing, a habeas petitioner must do more than proffer gauzy generalities or drop self-serving hints that a constitutional violation lurks in the wings." ). " Moreover, when . . . a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to

employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." McGill, 11 F.3d at 225.

I. **GONZALEZ WAS PROVIDED GROSS INEFFECTIVE ASSISTANCE OF COUNSEL THROUGHOUT THE DURATION OF HIS PROCEEDINGS INCLUDING AT THE TIME OF THE CHANGE OF PLEA AND SENTENCING**

    **a.**    The Sixth Amendment requires that criminal defendants receive competent counsel at all critical stages of the criminal proceeding.

    **b.**    Mr. Gonzalez was prejudiced.

    **c.**    Mr. Gonzalez's attorney, was representing Mr. Gonzalez while suffering under a fatal conflict, to wit a simultaneous representation of a co-defendant charged by the Commonwealth of Massachusetts, and said conflict arose to such a standard that his Attorney could not and did not represent Mr. Gonzalez effectively.

"A claim of ineffective assistance of counsel . . . may be raised by means of a section 2255 motion." *Rivera-Rivera v. United States*, 844 F.3d 367, 372 (1st Cir. 2016). The defendant bears the burden of establishing his entitlement to relief by a preponderance of the evidence. *Garuti v. Roden*, 733 F.3d 18, 25 (1st Cir. 2013). To show ineffective assistance of counsel under Strickland v. Washington, the petitioner must show that (1) defense "counsel's representation fell below an

objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 688, 694 (1984).

Here, Petitioner argues that trial counsel had an actual conflict of interest and that he therefore does not need to establish the second part of the Strickland test. See *Teti v. Bender*, 507 F.3d 50, 55 (1st Cir. 2007) (stating that prejudice is presumed where counsel's performance is adversely affected because of active representation of conflicting interests). However, the Supreme Court has stated that an actual conflict arises only in limited circumstances, such as where counsel represents co-defendants with conflicting interests. See *Mickens v. Taylor*, 535 U.S. 162, 168 (2002).

Under the Sixth Amendment, "a defendant has a right to conflict-free representation." United States v. Cardona-Vicenty, 842 F.3d 766, 771 (1st Cir. 2016) (quoting United States v. Hernandez-Lebron, 23 F.3d 600, 603 (1st Cir. 1994)). To prevail on a claim of ineffective assistance of counsel, a defendant who " raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). "

A defense lawyer's responsibility at pre-trial and trial proceedings is simple: He or she is required to be fully aware of the law, facts and consequences of his client's decisions in order to argue and obtain the best possible results for his client. This

was not done here. In this case, Mr. Gonzalez's counsel failed to perform acts favorable to his defense and provided incomplete and/or incorrect legal advice to him that Mr. Gonzalez relied on to his detriment.

Specifically, Attorney Paul Anthony directly advised his client not to pursue the benefits of the safety valve, of which Mr. Gonzalez qualified for resulting in a sentence nearly twice the longevity that he would have otherwise received.

The Court in *Strickland* noted that counsel in any criminal case has certain basic duties. These duties include: a duty of loyalty, a duty to avoid conflicts of interest; a duty to advocate the defendant's cause, a duty to consult with the defendant on important decisions and to keep the defendant informed of important developments in the case as well as a duty to apply "such skill and knowledge as will render the trial a reliable adversarial testing process." *Id* at 6.

The Supreme Court has commented that, in some categories of cases, prejudice will be presumed. One such category where prejudice will be presumed is where counsel is laboring under an actual conflict of interest:

> In these circumstances, counsel breaches the duty of loyalty, perhaps the most basic of counsel's duties. Moreover, it is difficult to measure the precise effect on the defense of representation corrupted by conflicting interests. Given the obligation of counsel to avoid conflicts of interest and the ability of the trial court to make early inquiry in certain situations likely to give rise to conflicts…it seems reasonable to maintain a fairly rigid rule of presumed prejudice for conflict of interest.

*Strickland*, citing *Cuyler v. Sullivan*, 446 U.S. 335, 345-350 (1980).

In the case of *Reynolds v. Chapman*, 253 F.3d1337, 1347-48 (11th Cir. 2001), the Eleventh Circuit said

> *Cuyler* further requires that a petitioner that has demonstrated an actual conflict show that the conflict "adversely affected" his lawyer's performance. … Reynolds need not show that the outcome of the proceeding would have been different had Hankins made the arguments in question. He merely must demonstrate that his attorney's conflict of interest had an effect upon the representation that he received. See *Lightbourne,* 829 F.2d at 1023. ("Once a defendant satisfies both prongs of the *Cuyler* test, prejudice is presumed and the defendant is entitled to relief.")

Earlier, in *Baty v. Balkom*, 661 F.2d 391, 396 (5th Cir. 1981), the Fifth Circuit construed *Cuyler* as "not requiring proof of adverse effect on counsel in addition to proof of an actual conflict of interest." Accordingly, "prejudice must be presumed, and except under the most extraordinary circumstances, the error cannot be considered harmless." *Id* at 395. The Eleventh Circuit expressly adopted this construction in *Barham v. United States*, 724 F.2d 1529, 1531 (11th Cir. 1984), holding that "[t]he threshold issue is whether there is an actual conflict; for if so prejudice will be presumed."

As proven through the Gonzalez's sworn affidavit and the documented evidence attached to this Petition, it is undeniable that Attorney Paul Anthony had an actual conflict of interest and prejudice is presumed.

In *Ford v. Ford*, 749 F.2d 681 (11th Cir. 1989), the Eleventh Circuit addressed the question of whether a petitioner whose counsel had a conflict of interest could enter

a valid plea of guilty. In *Ford*, the court first noted the holding in *Scott v. Wainwright*, 698 F.2d 427, 429 (11th Cir. 1983) that a guilty plea cannot have been knowing and voluntary, if a defendant does not receive reasonably effective assistance of counsel in connection with the decision to plead guilty (no different from a defendant's decision to go to trial) because the … [decision] does not then represent an informed choice. (Emphasis added). Thus, where the court has determined that the petitioner's counsel represented conflicting interests, the petitioner has been deprived of effective assistance of counsel, and his guilty decision, his election of trial versus plea, cannot have been knowing or voluntary or the product of an informed choice. See, *Ford*, *supra* at 683.

In the context of a guilty plea, a successful ineffective assistance of counsel claim requires a defendant to show that (1) 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for counsel's errors [the defendant] would not have pleaded guilty and would have insisted on going to trial.' *United States v. Luis Rivera-Cruz*, 878 F.3d 404, 410 (1st Cir. 2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985)).

As previously stated, Gonzalez was safety valve eligible which would have resulted in a sentence approximately half of the 12-month sentence that he received. However, Attorney Paul Anthony was representing Mr. Prats, and had he advised Gonzalez to pursue the safety valve, this would have directly affected the case

against Mr. Prats. Therefore, Attorney Anthony instead advised Gonzalez not to pursue the safety valve.

The First Circuit has explained when a conflict of interest can rise to the level of ineffective assistance of counsel:

It is well settled that "some conflicts of interest so affront the right to effective assistance of counsel as to constitute a per se violation of the [S]ixth [A]mendment." *United States v. Aiello*, 900 F.2d 528, 531 (2d Cir. 1990) (citing *Cuyler[ v. Sullivan,* 446 U.S. 335, 349-50, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980))]. Such is the case where a lawyer suffers from an actual conflict of interest that prevents him or her from presenting a vigorous defense of a defendant. *United States v. Eisen,* 974 F.2d 246, 264 (2d Cir. 1992). . .

The case before this Honorable Court, is such a case. And to allow a guilty plea to stance, would be an afront to the judicial system on the whole.

**CONCLUSION**

Gonzalez was safety valve eligible, but on the advice of counsel, he did not opt for the safety valve. Had Gonzalez proceeded with the safety valve, it was determined that his guideline calculation would have been at level 27 with a guideline rang of 57 – 71 months, approximately half of the mandatory 120-month sentence Gonzalez was given.

Clearly, Gonzalez's counsel had an actual conflict of interest that severely and completely crippled him from providing Gonzalez his constitutional right to conflict free and effective assistance of counsel.

Had Gonzalez known of the actual conflict his counsel had, he would have retained new counsel and proceeded to Trial.

WHEREFORE, Petitioner requests that this Honorable Court so move and vacate Gonzalez's guilty plea and remand the matter to the District Court for further proceedings.

**Petitioner requests an evidentiary hearing on this matter.**

Respectfully Submitted,

*/s/ Steven DiLibero*
Steven D. DiLibero, Esq.
Dilibero and Associates
130 Dorrance Street
T: 401-621-9700
F: 401-331-9503
E: sdilibero@diliberoandassociates.com

**Certificate of Service**

I, the undersigned, herby certifies that I caused to be filed and served via ECF a true and accurate copy of the forgoing Document to all registered parties on this 22nd day of September, 2020.

*/s/ Raymond M. Corriea*